UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY BOYD,

        Petitioner,         Case Number: 2:17-CV-13489
                                                  HONORABLE PAUL D. BORMAN

v.

M. RECKTENWALD,

        Respondent.
_____/

## OPINION AND ORDER
## DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

Petitioner Anthony Boyd filed this habeas corpus petition pursuant to 28 U.S.C. § 2241. Boyd states that the Michigan Department of Corrections lodged a detainer against him in 2014 for an alleged parole violation. He argues that this detainer makes him ineligible to participate in the Federal Bureau of Prisons' drug and alcohol program, and, consequently, ineligible for earning a reduction in his sentence. He asks the Court to order the State of Michigan to conduct a parole violation hearing.

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any

exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions under habeas statutes in addition to § 2254. Rule 1(b), Rules Governing Section 2254 Cases. The habeas petition does not present grounds which may establish the violation of a federal constitutional right. The petition will be dismissed.

## II.

Boyd is currently serving a term of incarceration of 70 months for attempted possession with intent to distribute 500 grams or more of cocaine, a conviction obtained in the United States District Court for the Southern District of Florida. On May 27, 2014, the Michigan Department of Corrections lodged a detainer for Boyd for violation of his parole in connection with a second-degree murder conviction, Wayne County Case No. 93-09926. Boyd is ineligible for the BOP's residential drug and alcohol program until the detainer is lifted. He has twice requested that the Michigan Department of Corrections conduct a parole violation

hearing so that the detainer will be lifted. *See* Pet. at 8-10. The Michigan Department of Corrections has advised Boyd that a parole violation hearing will not be conducted until he has completed his federal sentence. *Id.* Boyd alleges that the refusal to conduct a parole violation hearing until he completes his federal sentence violates his rights under the Due Process Clause and his First Amendment right to petition the government for redress of his grievances.

In *Morrissey v. Brewer*, 408 U.S. 471, 481-84 (1972), the Supreme Court held that individuals threatened with the revocation of their parole possess a liberty interest that entitles them to minimal due process protections. The Court outlined a two-step process for preserving the minimum due process requirements for parole revocation: a preliminary hearing and a final hearing. *Id.* The preliminary hearing, which must be held "promptly" after a parolee is arrested and detained, is an informal inquiry "to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Id.* at 485. Following a preliminary hearing, the second stage is a final revocation hearing. This hearing "must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." *Id.* at 488.

Boyd contends that his due process rights were violated by the lodging of the parole warrant as a detainer because he did not receive a timely parole revocation hearing as required under *Morrissey*. A parole revocation hearing must be held "within a reasonable time after [a petitioner] is taken into custody." *Id.* "Custody," in the parole-violation detainer context, occurs only when State authorities execute the underlying arrest warrant, which has not yet occurred in this case. *See Moody v. Daggett*, 429 U.S. 78, 87 (1976). Michigan authorities may defer the warrant's execution until after Boyd's federal sentence expires. *See, e.g., Moody*, 429 U.S. at 87-88; *see also Davis v. Stine*, 2006 WL 1050069, at *3 (E.D. Ky. April 20, 2006) ("There is nothing impermissible in waiting until a parole or probation violator is released from [another jurisdiction's] custody before holding revocation proceedings."). Because Boyd has not, as yet, been arrested pursuant to the parole violator's warrant, his due process rights under *Morrissey* have not vested. *See Moody,* 429 U.S. at 86-87.

Moreover, because Boyd's federal conviction by guilty plea provides irrefutable evidence of a parole violation, *Morrissey's* protections may never come into play. *Cf. Sneed v. Donahue*, 993 F.2d 1239, 1241 (6th Cir. 1993) (because parole decision maker had no discretion but to revoke parole on the basis of a subsequent conviction, *Morrissey* did not apply).

4

Boyd's First Amendment claim is also meritless. The First Amendment provides that Congress shall make no law abridging "the right of the people ... to petition the Government for redress of grievances." U.S. Const. amend I. The right to petition the government for redress of grievances is "cut from the same cloth" as the other guarantees in the First Amendment, and it is "an assurance of a particular freedom of expression." *McDonald v. Smith*, 472 U.S. 479, 482 (1985). The purpose of the right to petition is to guarantee that people "may communicate their will" through direct petitions to government officials and the legislature. *McDonald*, 472 U.S. at 482. But the right to petition the government does not "guarantee ... the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Boyd exercised his right to petition by twice requesting that the Michigan Parole Board conduct a parole revocation hearing. The exercise of that right did not create an obligation for the Parole Board to respond in a particular way, or at all. Boyd's rights under the First Amendment were not violated.

### III. Conclusion

Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability

(COA) must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Jurists of reason would not find the Court's decision debatable. Accordingly, the Court **DENIES** a certificate of appealability.

    **SO ORDERED**.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2018

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2018.

s/Deborah Tofil  
Case Manager